PER CURIAM.

(No. 5407—Claim )

STANLEY W. PETERSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed July 12, 1973.*

*Petition of Claimant for Rehearing denied May 13, 1974.*

LISCO & FIELD, by ROBERT F. LISCO, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; SAUL R. WEXLER and MORTON ZASLAVSKY, Assistant Attorneys General, for Respondent.

PERLIN, C. J.

Claimant seeks recovery on the ground of unlawful incarceration pursuant to Chapter 37, §439.8(c) of the Illinois Revised Statutes, for his imprisonment at the Illinois State Penitentiary in Joliet, Illinois, from January 21, 1964, to September 16, 1966. The applicable provisions of the statute are as follows:

"§8. The court shall have exclusive jurisdiction to hear and determine the following matters:

. . . . (c) All claims against the State for time unjustly served in prisons of this State where the persons imprisoned prove their innocence of the crime for which they were imprisoned . . ."

It appears from the evidence and from stipulations that claimant was indicted by the Lake County Grand Jury on the charge of murder by abortion in April, 1963. On November 29, 1963, the claimant was allowed to withdraw his plea of not guilty to the charge of murder by abortion and to enter a plea of guilty to involuntary manslaughter, wherein he was sentenced to a term of not less than nine nor more than ten years. Thereafter, a petition for Writ of Habeas Corpus was filed on behalf of claimant in the 12th Judicial Circuit, Will County, Illinois. That court determined that the charge under which claimant was indicated (murder by abortion) had occurred subsequent to the enactment of the new Criminal Code of 1961, effective January 1, 1962. The court fur-

ther held that the specific offense of murder by abortion having been eliminated by the new statutes, there was no offense such as murder by abortion at the time of the indictment.

It further held that involuntary manslaughter was not a lesser included offense in the indictment and that there was no charge to which the plea of guilty could be made. Claimant, therefore, contends that his conviction and sentence are void, thus rendering the incarceration illegal and wrongful.

Claimant Stanley Peterson, who identified himself as an "assembler" confessed to having committed an abortion on Mrs. Dorothy Katalinich, deceased, but that he had been subjected to inhuman and cruel treatment while he was in custody of the Lake County authorities, and believed he could get out on bail if he confessed. He denied, at the time of the Court of Claims hearing, that he committed the abortion which resulted in the death of Mrs. Katalinich, but admitted that he has purchased a rubber catheter for her and that he had rented a cabin for her at the rear of a tavern in Lake County.

Joan Fitzjohn testified that she was present when the decedent first called claimant and arranged to meet him. The witness was with the decedent when arrangements were made to perform an abortion. On April 9, 1963, claimant came to decedent's house and went into the bedroom with decedent carrying a bag. During this period the witness waited in another room of the decedent's house. The decedent passed a fetus a few days later and the witness had occasion to observe it.

On April 26, 1963, the witness accompanied the decedent to a tavern where they met claimant. According to the witness, the decedent was worried because she did

not bleed after passing the fetus on April 9th and she thought she might be having twins. The witness watched the decedent and claimant go into a bedroom of the cabin rented by claimant. Claimant was carrying a small bag. The witness did not stay in the room while the procedure was being performed by claimant, but when claimant said he was finished, she went into the bedroom and saw that the decedent was limp and unconscious. The witness observed claimant pull a catheter from the decedent. Claimant told her that he had committed hundreds of abortions in the last 20 years. The witness then took the decedent to the hospital in her car. Claimant had given her some money.

Respondent contends that claimant had not proved his innocence of the crime for which he was imprisoned as provided in the statute.

In the cases of *Nathaniel Tate* v. *State of Illinois*, 25 C.C.R. 245 (1965) and *Jonnia Dirkans* v. *State of Illinois*, 25 C.C.R. 343 (1965), the Court held that before an award can be made for wrongful incarceration, claimant must prove by a preponderance of the evidence, "(1) that the time served in prison was unjust; (2) that the act for which he was wrongfully imprisoned was not committed by him; and (3) the amount of damages to which he is entitled. (*Jack Flint* vs. *State of Illinois*, 21 C.C.R. 80, *George A. Pitts* vs. *State of Illinois*, 22 C.C.R. 258.)" (Dirkans at p. 351.)

The Court further stated in *Dirkans* at page 352:

"We find that claimant, Jonnia Dirkans, has substantially failed to prove his innocence of the crime for which he was imprisoned. It is the studied opinion of this Court that the legislature of the State of Illinois in the language of Chap. 37, Sec. 439.8C, Ill. Rev. Stat., intended that a claimant must prove his innocence of the "*fact*" of the crime. It was not, we believe, the intention of the General Assembly to open the Treasury of the State of Illinois to inmates of its penal institutions by the establishment of their technical or

legal innocence of the crimes for which they were imprisoned. It is our opinion the legislators intended to provide a manner of recourse in the Court of Claims, with a specific amount of recovery provided, for a claimant who is able to establish his complete innocence of the "fact" of the crime for which he was imprisoned."

In the instant case, claimant Stanley Peterson has clearly failed to prove by a preponderance of the evidence that he was innocent of involuntary manslaughter, the crime for which he was imprisoned. He failed to produce even one witness to corroborate his testimony. (*William Bender* vs. *State of Illinois*, No. 5209 (1967).

Recovery is therefore denied.